**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALVARO GALVEZ-CRUZ, | No. 15-73751 |
| Petitioner, | Agency No. A075-591-085 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2017**
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Alvaro Galvez-Cruz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

We review for substantial evidence the BIA's factual findings and may only reverse if the evidence compels a different conclusion. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). To qualify for relief under CAT, Galvez-Cruz must establish that it is more likely than not that he would be tortured if removed to Mexico, and that such torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). When assessing acquiescence by public officials, we consider whether the officials "(1) have awareness of the activity (or consciously close their eyes to the fact it is going on); and (2) breach their legal responsibility to intervene to prevent the activity because they are unable or unwilling to oppose it." *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017); *see also* 8 C.F.R. § 1208.18.

Substantial evidence supports the BIA's determination that Galvez-Cruz failed to establish that it is more likely than not that he would be tortured by or with the acquiescence of a public official upon return to Mexico. Even if Galvez-Cruz had established that he would be tortured upon return, he failed to establish that such torture would be inflicted by or with the acquiescence of the Mexican government. The evidence shows that a violence problem exists in Mexico that the

2

government is attempting to combat, and that Galvez-Cruz was kidnapped and later beaten by three men with no ties to the Mexican government. There is no evidence linking Galvez-Cruz's kidnapping or beating to the Mexican government or suggesting that the government consciously closed its eyes to it. Indeed, Galvez-Cruz testified that the men involved in his attacks were part of a cartel, not the government, and that no one in the Mexican government, including the police or military, has ever threatened or harmed him. He also testified that, while in the hospital after being beaten a second time, police officers asked him questions and wrote a report on the incident, but Galvez-Cruz never followed up because of his belief that the police often work with cartels. Galvez-Cruz's distrust of the police does not compel a different result.

**PETITION DENIED.**